UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. MILLS, aka<br>KENNETH WAYNE MILLS,<br><br>              Petitioner,<br><br>vs.<br><br>ELEANOR SCHNIER,<br><br>              Respondent. | Case No. CV 09-9370-CBM(RC)<br><br>OPINION AND ORDER ON A<br>PETITION FOR HABEAS CORPUS |

On December 22, 2009, petitioner Kenneth W. Mills, aka Kenneth Wayne Mills, a state inmate proceeding pro se, filed his latest in a series of habeas corpus petitions under 28 U.S.C. § 2254 challenging his state court criminal case, Los Angeles County Superior Court case no. VA088677. Petition at 2.[1] On the face of the petition,

---

[1] This is petitioner's ninth federal habeas corpus petition challenging his trial in Los Angeles County Superior Court case no. VA088677. The Court takes judicial notice under Fed. R. Evid. 201 of the prior matters: (1) <u>Mills v. State of California</u>, case no. CV 05-8853-CBM(RC), which was summarily dismissed without prejudice on January 6, 2006; (2) <u>Mills v. Knupp</u>, case no. CV 06-0320-CBM(RC), which was summarily dismissed without prejudice on February 3, 2006; (3) <u>Mills v. Superior Court Judge Cynthia Ravis</u>, case no. CV 06-1595-CBM(RC), which was summarily dismissed without prejudice on March 30, 2006; (4) <u>Mills v. People of State of California</u>, case no. CV 06-4319-CBM(RC), which was summarily dismissed without prejudice on July 20, 2006; (5) <u>Mills v. Superior Court</u>, case no. CV 06-4712-CBM(RC), which was summarily dismissed without prejudice on August 22, 2006; (6) <u>Mills v. Superior Court</u>, case no. CV 06-6355-CBM(RC), which was summarily dismissed without prejudice on January 8, 2007; (7) <u>Mills v. California Department of Corrections</u>,

1  petitioner states that he appealed his conviction but did not seek
2  review from the California Supreme Court, Petition at 5, and it also
3  appears petitioner has not filed any habeas corpus petitions in the
4  California Supreme Court.  Petition at 6.

## DISCUSSION

The petitioner has not exhausted his claims before the California Supreme Court prior to filing his petition for a writ of habeas corpus in federal court, as required by 28 U.S.C. §§ 2254(b) and (c).[2] Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1738, 144 L.Ed.2d. 1 (1999); Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc).  "The exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a

---

case no. CV 07-1304-CBM(RC), which was summarily dismissed without prejudice on March 15, 2007; and (8) Mills vs. Superior Court, case no. CV 08-1745-CBM(RC), which was summarily dismissed without prejudice on April 3, 2008.

[2] Although petitioner has checked boxes indicating the pending habeas petition pertains to "Jail or prison conditions," in the prayer to the petition, he seeks "being 'released' 'immediately'"; thus, the Court treats the petition as challenging petitioner's conviction.  Moreover, even if the petition were considered to be a challenge to the conditions of confinement at the County Jail, that challenge is not properly brought in a habeas corpus proceeding, but is more properly brought in a civil rights action, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), and this Court cannot convert the instant habeas corpus petition into a civil rights action because, among other things, petitioner has not complied with the requirements of the Prison Litigation Reform Act of 1995 ("PLRA") by, inter alia, authorizing the deduction of the filing fee from his prison trust fund, and stating a claim on which relief may be granted.  See, e.g, 28 U.S.C. §§ 1915(b), 1915(e)(2), 1997e(a).  Thus, as a challenge to conditions of confinement, this action would also be dismissed without prejudice.

policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (internal quotation marks, citations and footnote omitted); O'Sullivan, 528 U.S. at 844-45, 119 S.Ct. at 1732; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner." The instant petition shows that petitioner has not exhausted his state court remedies; thus, the petition must be dismissed without prejudice.

**ORDER**

IT IS ORDERED that Judgment be entered DISMISSING without prejudice the petition for writ of habeas corpus and action.

IT IS FURTHER ORDERED that the Clerk of Court shall notify petitioner of the dismissal without prejudice.

DATE: 1/7/2010

                                                  CONSUELO B. MARSHALL
                                                  SENIOR UNITED STATES DISTRICT JUDGE

PRESENTED BY:
DATE: 12/23/09

ROSALYN M. CHAPMAN
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE
R&Rs-MDOs\09-9370.mdo -
12/23/09